(98 App. Div. 494)

## JEFFERSON COUNTY v. CITY OF WATERTOWN et al.

(Supreme Court, Appellate Division, Fourth Department. November 23, 1904.)

1. TAXATION—EXEMPTION OF FIREMEN—EXTENT OF EXEMPTION.

By Laws 1861, p. 254, c. 135, § 2, the charter of the village of Watertown was amended so as to provide that members of the fire department, "while in active service, and all persons who shall hereafter complete a service of five years or over in said department, shall be exempt from taxation to the amount of $500 assessment." The city of Watertown was afterward incorporated, and by a revision of its charter (Laws 1897, p. 1127, c. 760, §§ 314, 315), the exemptions to firemen were continued in force. *Held*, that such exemptions only applied to municipal taxes, and did not exempt firemen from taxation for county and state purposes.

2. SAME—ESTOPPEL TO QUESTION EXEMPTION.

By failing for many years to insist on the taxation of the property of members of a city fire department exempt from municipal taxation, the county board is not estopped from questioning the exemption of such firemen from taxation for county and state purposes.

3. SAME—SUBMISSION OF CONTROVERSY—JUDGMENT.

On a submission between a county and a city to determine whether members of the city fire department exempt from municipal taxation are also exempt from county and state taxation, no judgment can be rendered against the city as for taxes which should have been assessed and collected in past years, but were not, though counsel stipulated that such judgment might be rendered in case of a decision against the exemption.

Submission of controversy without action pursuant to Code Civ. Proc. § 1279, between the county of Jefferson, as plaintiff, and the city of Watertown and others, as defendants. Judgment for defendants.

Argued before McLENNAN, P. J., and SPRING, HISCOCK, and STOVER, JJ.

Francis W. Hugo, for plaintiff.
George H. Cobb, for defendant city of Watertown.
Edgar C. Emerson, for defendant engineer of exempt firemen.

SPRING, J. The village of Watertown was incorporated prior to 1831. A volunteer fire department was early organized, was incorporated in 1850, and before 1861 its members had been relieved from jury duty and the payment of poll taxes. By section 2, c. 135, p. 254, of the Laws of 1861, the charter was amended by providing that members of the department, "while in actual service, and all persons who shall hereafter complete a service of five years or over in said department, shall be exempt from taxation to the amount of $500 assessment, and from poll tax in addition to the exemptions now enumerated by law." The city of Watertown was incorporated in 1869, and upon a revision of its charter (chapter 760, p. 1028, Laws 1897) a paid fire department was created, and the volunteer department as an active organization ceased, but the exemptions to exempt firemen were continued in force. Sections 314, 315, p. 1127. In June, 1901, pursuant to a resolution of the board of directors of the fire department (chap-

ter 630, p. 1509, Laws 1901), the active companies were disbanded, and a reorganization into exempt companies effected. The city assessors, since 1861, in making up their assessment rolls, allowed to each fireman in active service and to each exempt fireman after five years' service an exemption of $500 on his assessment, and recorded the same in a separate column on the roll designated "Firemen's Exemptions." The board of supervisors of the county of Jefferson from 1861 to 1902 deducted the amount of such exemptions from the total city assessed valuation, and the levy of the state and county taxes was based upon the assessed valuation after these deductions were made. The result of this method has been that the exemption has inured to the benefit of the privileged individual on the state, county, and municipal rolls. In 1903 the board of supervisors refused to deduct any exemptions for those members of the department who had completed five years' service prior to the enactment of chapter 760, p. 1028, Laws 1897, at which time the paid department came into being. The board also presented a claim of $4,051.91 to the city for the amount of the taxes which would have been paid to the county for the preceding six years except for the allowance of the alleged erroneous exemptions. The claim was rejected, and the present submission ensued.

The fire department is a part of the municipality as much as the common council, the mayoralty, or the office of city attorney. Its functions are performed within the city, and for its benefit. The county has no control over it, and no voice in the expenditures for its maintenance. The exemptions are designed as a reward to those who have served therein for a definite term without compensation. The services rendered were for the city of Watertown, not for the county of Jefferson or the state of New York. Unless, therefore, there is some statute relieving these firemen from the burden of contributing their share in common with other taxpayers to the current expenses of the county and state, the exemptions must be confined to the municipality for whose benefit their services have been performed. Exemption is the exception, not the rule, in the laying of an assessment. People ex rel. Savings Bank v. Coleman, 135 N. Y. 231, 31 N. E. 1022; People ex rel. Young v. Willis et al., 133 N. Y. 383–386, 31 N. E. 225. By the tax law (chapter 908, pp. 795, 797, 798, Laws 1896) all real and personal property within the state "is taxable unless exempt from taxation by law" (section 3). Section 4 enumerates in minute detail the property which is exempt from taxation. Where the immunity is due to the vocation of the individual, that is indicated. Subdivision 11. The property of an incorporated fire department to the amount of $15,000 is one of the exemptions. Subdivision 8. There is, however, no freedom from liability to the fireman as an individual. These exemptions are not new, but have been in a large degree operative for many years. 1 Rev. St. (Banks & Bros.' 6th Ed.) p. 932, part 1, tit. 1, c. 13; 2 Rev. St. (9th Ed.) p. 1676 et seq. In no general statute has there ever been any immunity from state or county taxation allowed to a fireman, either active or exempt, in a city association, so far as we have been able to discover. Frequently acts have been passed allowing villages to exempt firemen from taxation (see chapter 250, p. 327, Laws

1879), but these simply vest the particular municipality or municipalities in general with the general power to release, and the privilege is not extended beyond the locality.

The exemption authorized in the present case is found in the charter of the village of Watertown. The provisions of that act pertain to the village and its inhabitants. Whatever privileges are accorded are to its people, and the burdens imposed are to be assumed by them. We would not expect in this act, limited to a particular locality, to find any modification of general laws affecting the citizens of the rest of the state, and the act does not in explicit language extend the immunity from the taxation of property of exempt firemen beyond the limits of the village or city. We must keep in mind that the purpose of the act was limited, and that the Legislature only had in view the territory to which it related. Had there been any intention to exonerate from all taxation to the amount specified, county and state as well as municipal, the Legislature would have expressed that purpose in unmistakable terms, and not left so extraordinary a benefit to be spelled out from an act concerning a single municipality. A local statute will not infringe upon a general one unless its terms indicate such a purpose. Johnson Home v. Village of Seneca Falls, 37 App. Div. 147, 55 N. Y. Supp. 803. Again, taxation for municipal purposes is entirely independent of that for town, county, or state purposes. Mayor, etc., of Troy v. Mutual Bank, 20 N. Y. 387; People ex rel. Young v. Willis et al., 133 N. Y. 383, 31 N. E. 225. Much confusion would arise if acts designed for municipalities, and which permitted their inhabitants to grant, or by their terms granted, special privileges or immunities to certain classes of citizens, or to certain kinds of property, should be held to entitle them to the relief as against the state at large. Furthermore, the principle asserted by the defendant's counsel, that a special statute is not repealed by a subsequent general statute unless the intention to repeal is clear, has no application. The premise upon which the proposition rests does not exist, for the special statute gave no exemption beyond the locality as already stated.

Nor do we think the board of supervisors is estopped by its long acquiescence in the mode of procedure adopted. This is especially true in view of the fact stated on the oral argument and in the briefs that for many years there has been a conflict over the matter, and all parties interested desire its determination. It may also be observed that the reorganization of the department already noted presented a different situation from that which had before existed.

But the city of Watertown has not received money by virtue of the allowance of those exemptions which belongs to the county of Jefferson. It does not owe the county. The board of supervisors permitted this reduction to be made, and judgment upon the agreed state of facts cannot be directed in favor of the plaintiff. For the purpose of securing a decision on the main proposition contained in the submission, the attorney on behalf of the city orally stipulated on the argument of the case that, if that proposition was decided in favor of the plaintiff, judgment might be directed on the submission for the plaintiff for $4,051.91. The stipulation does not alter the facts, and, in any event, as it is palpa-

ble that the plaintiff is not entitled to judgment against the city, we are not disposed to award it. Judgment should therefore be rendered on the submission in favor of the defendant, but without costs.

Judgment ordered on the submission in favor of the defendants, without costs. All concur.