## No. 8786.

## CITY OF NEW ORLEANS vs. THE CARONDELET CANAL AND NAVIGATION COMPANY.

A special statute exempting property from taxation in 1858, is not repealed by the Constitution of 1879. N. O. vs. Poydras Asylum, 33 A. 850, affirmed.

An unqualified exemption by the State, implies an immunity from municipal taxation. Whenever the sovereign exonerates, he does so with munificence, unless restictions have been formally expressed.

Under section 9 of Act 74 of 1858, the capital stock of the defendant company is not liable to assessment and tax for fifty years.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot* J.

*L. O'Donnell,* Assistant District Attorney, for Plaintiff and Appellant.

*H. D. Ogden* for Defendant and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The city appeals from a judgment respecting her demand for $351, city taxes, claimed from the defendant company.

The defense, which was sustained, is, that the stock on which the tax is assessed, is exempt from taxation.

In support of that position, the company points to section 9 of Act 74 of 1858.

The defendant corporation was created in 1857 (Act 160) and acquired the right, power, and authority to enter upon and take possession and control of the Canal Carondelet and Bayou St. John for the purpose of completing the works of improvements thereon and other privileges.

In view of the subsequent embarrassed condition of the company, and in apprehension of a discontinuation and abandonment of the undertaking and of consequent public calamity, the Legislature in 1858

City vs. Canal and Navigation Company.

passed the act invoked, section 9 of which reads: "That said canal and railroad shall be exempt from taxation during the period of fifty years.

It cannot be with plausibility claimed that the exemption was to operate technically, exclusively as far as the canal and the railroad were concerned. The canal was State property and of course as such, necessarily exempt. The railroad which the company was authorized to build, did not then exist and has never been constructed. The legislative intent was clearly to exonerate the property of the company, represented by its stock and the machinery used for the purpose of the contemplated improvement of the canal and bayou. It was tendered and accepted as an important inducement for the onerous undertaking in view, for the enhancement of the public good.

Evidently such has been the construction placed upon it by both the State and the city, as never heretofore has either one or the other claimed any tax from the company for the past twenty-five years.

The contention of the city, adverse to the immunity, rests on two grounds only:

1. The exemption was repealed by the Constitution of 1879.

2. If it was not, it applies to State taxes only, not to city taxes.

I.

The exemption was granted by a special statute, which the Legislature had the power to pass. In the case of the Poydras Asylum, 33 A. 850, we had occasion to consider a similar question of exemption and we came to the conclusion that the Constitution did not contemplate or produce the effect claimed.

The reasoning and authorities collected in that case, are applicable to the present one.

We, therefore, held that section 9 of Act 74 of 1858 was not repealed by the present Constitution, and know of no law subsequently passed to the contrary.

II.

The exemption is unlimited, unqualified. It, therefore extends to all taxation, whether State or municipal. The reason for which the exemption was accorded by the State, is equally strong in favor of a similar exemption from municipal taxation. When the sovereign emancipates, he does so munificently.

The corporation owns some real estate, upon which a tax was assessed and paid. Such property was not within the purview of the Act of 1858, section 9, No. 74, and is not considered as exempt or claimed to be.

The exemption granted exonorates the stock and the stockholders. Burroughs on Tax, 142; Cooley on Const. Lim., 164.

The district judge correctly decided.

Judgment affirmed.