## JOHNSON HOME AT SENECA FALLS, N. Y., FOR INDIGENT FEMALES v. VILLAGE OF SENECA FALLS et al.

(Supreme Court, Appellate Division, Fourth Department. January 18, 1899.)

1. TAXATION—ASSESSMENT—VACATION—PLEADING—PRESUMPTION.
   It will be presumed from an averment, in a complaint to vacate a village assessment, that the roll was completed on or about June 1, 1896, that it was completed prior to June 15th, when the tax law (Laws 1896, c. 908) took effect.

2. SAME—CORPORATIONS—EXEMPTION—VILLAGE TAXES.
   Laws 1893, c. 498 (2 Rev. St. [Banks & Bros.' 9th Ed.] p. 1678), provides that the real property of a corporation or association organized exclusively for charitable purposes, and used exclusively for carrying out thereupon such purposes, shall be exempt from taxation; and Laws 1889, c. 191 (2 Rev. St. [Banks & Bros.' 9th Ed.] p. 2747), provides that the personal estate of corporations organized for other than business purposes shall be exempt from taxation. *Held*, that the exemption applies to municipal as well as to state and county taxes.

3. SAME.
   A village charter which, in general terms, authorizes a tax on all property within it, for its purposes, does not authorize a tax on that exempt by general laws relating to all taxes.

Appeal from special term, Seneca county.

Action by the Johnson Home at Seneca Falls, N. Y., for Indigent Females against the village of Seneca Falls, impleaded with Frank Odell, as treasurer of said village, to vacate an assessment. From a judgment in favor of plaintiff, defendant village appeals. Affirmed.

This action was begun February 11, 1897, to vacate an assessment of taxes levied in June, 1896, by the village of Seneca Falls on the property of the respondent. The appellant is a village of this state existing under chapter 218 of the Laws of 1874, and the various acts amendatory thereof and supplementary thereto. The respondent was duly incorporated November 6, 1885, under chapter 319, Laws 1848 (3 Rev. St. [Banks & Bros.' 8th Ed.] p. 1922), entitled "An act for the incorporation of benevolent, charitable, scientific and missionary societies," and the acts amendatory thereof and supplementary thereto, which was repealed, except the sixth section, by chapter 559, Laws 1895, "Membership Corporations Law" (2 Rev. St. [Banks & Bros.' 9th Ed.] p. 1432). The objects of the corporation, as stated in its certificate of incorporation, are: "The particular business and objects of such society or company shall be to furnish the comforts of a home to worthy females, of good character, who may be in reduced or dependent circumstances." In 1896 the respondent was the owner of a house and lot on the west side of Cayuga street, in the village of Seneca Falls, which was acquired in January, 1896, and was during that year being repaired and fitted as a home for indigent females, and was occupied and used for no other purpose. In 1896 the respondent owned various securities, amounting in value to about $200,000, which had been bequeathed to it by Mr. Justus B. Johnson, for the purpose of establishing and maintaining this home, which securities were devoted to this and no other purpose. In 1896 the assessors of the village of Seneca Falls valued respondent's realty, for the purposes of taxation, at $20,000, and levied a tax thereon of $119.20; and in the same year they valued respondent's personalty, for the purposes of taxation, at $145,000, and levied a tax thereon of $864.20. This tax was levied for the general purposes of the village, and not for any local purpose, or for the purpose of making any specific improvement.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and McLENNAN, JJ.

Oren A. Coons, for appellant.

J. N. Hammond, for respondent.

FOLLETT, J. The question involved in this action is whether the respondent's property was exempt in June, 1896, from taxation by the village for its general purposes. It does not precisely appear on what date the village assessment roll was completed, but it is alleged in the complaint, and not denied in the answer, that it was completed "on or about the 1st day of June, 1896." Under this allegation, it must be assumed, for the purpose of this litigation, that the assessment roll was completed prior to June 15, 1896, when chapter 908 of the Laws of 1896 (the "Tax Law") took effect, and that if the respondent's property was exempt from taxation it was so by virtue of the following laws: Chapter 498, Laws 1893 (2 Rev. St. [Banks & Bros.' 9th Ed.] p. 1678), entitled "An act in relation to the exemption of the real property of religious, charitable and educational corporations and associations from taxation," which remained in force until June 15, 1896, and provided (section 1): "The real property of a corporation or association organized exclusively for * * * charitable * * * purposes * * * and used exclusively for carrying out thereupon * * * such purposes shall be exempt from taxation." Chapter 191, Laws 1889 (2 Rev. St. [Banks & Bros.' 9th Ed.] p. 2747), entitled "An

act to limit the amount of property to be held by corporations organized for other than business purposes," as amended by chapters 497, 553, Laws 1890, which remained in force until June 15, 1896, and provided: "The personal estate of such corporations shall be exempt from taxation."

The respondent asserts that it is exempt from taxation by the foregoing statutes, and the appellant asserts that the respondent's property is subject to taxation for municipal purposes by virtue of the following provisions of chapter 218, Laws 1874 (the "Village Charter"):

Section 1, tit. 6, c. 218, Laws 1874, as amended by chapter 177, Laws 1875 (the "Village Charter"), provides:

"Section 1. The annual tax meeting of the taxpayers of the village of Seneca Falls shall be held on the third Monday of March of each year, commencing at two o'clock p. m. At least two weeks before said meeting, the board of trustees shall carefully examine into and determine the amount of money that will be needed for properly carrying out the provisions of this charter, and to carry on the village government for the next year, and shall make a tabular statement of such amount, and of the separate purpose and object for which such expenditure is calculated to be made, stating such object or purpose and the amount needed therefor."

### Section 3 of title 6 provides:

"Sec. 3. Whenever any tax shall have been voted to be raised, as herein provided, the assessors shall apportion the same among the taxable inhabitants of the corporation and non-resident owners of property therein, and corporate bodies therein, in just proportions, according to the last assessment roll, or according to a new one, when thereunto required, and a new assessment roll shall be made at least once in each year. Each male inhabitant of the village of lawful age shall be assessed the sum of one dollar as a poll tax, to be levied and collected as other taxes, in addition to any other tax assessed to him."

### Section 5 of title 6 provides:

"All persons within said village shall be liable to taxation for village and ward purposes, except ministers of the gospel now exempt by law and such firemen as may be exempt by the law of the state and the provisions of this act and the ordinances of the village."

The learned counsel for the appellant argues that chapter 908, Laws 1896 (5 Rev. St. [Banks & Bros.' 9th Ed.] p. 3214),—the "Tax Law,"—relates only to state, county, and town taxes, and therefore the exemptions in that act are not applicable to assessments levied by the appellant for village purposes.

The seventh provision of section 4 of that act provides:

"(7) The real property of a corporation or association organized exclusively for * * * benevolent * * * purposes * * * and used exclusively for carrying out thereupon one or more of such purposes, and the personal property of any such corporation or association shall be exempt from taxation."

This contention is not germane to the question involved in this litigation, because the tax law did not take effect until June 15, 1896, after the taxes in question were levied, and this case is governed by chapter 498 of the Laws of 1893 and chapter 191 of the Laws of 1889, as amended by chapters 497 and 553 of the Laws of 1890, the provisions of which are quoted above, which statutes remained in force until June 15, 1896.

The appellant invokes the rule that the system of taxation for state, county, and town purposes is distinct and independent from that for municipal purposes; the former being governed by the general statutes of the state relating to that subject, and municipal taxation by the laws relating to municipalities or by the charters of municipalities. Mayor, etc., of Troy v. Mutual Bank, 20 N. Y. 387; American Transp. Co. v. City of Buffalo, 23 Barb. 272, affirmed 20 N. Y. 388;. People v. Willis, 133 N. Y. 383, 31 N. E. 225. This rule is not applicable to this case, for the exemptions from taxation provided for by chapter 498 of the Laws of 1893 and chapter 191 of the Laws of 1889 do not relate exclusively to state, county, and town taxation, but are general, and applicable to all taxation, and there is no language in either act from which it can be inferred that the exemptions were from taxation only imposed under the general statutes of the state. A village has no inherent power to impose taxes on persons or property, and possesses only such power of taxation as is clearly conferred by statute (2 Dill. Mun. Corp. [4th Ed.] § 763); and in case the policy of the state, as shown by its general statutes, is that certain property shall not be subject to taxation, a village charter which, in general terms, authorizes the taxation of all property within the village for municipal purposes, will not authorize the taxation of property exempt by general laws relating to all taxation; for a grant of power, in general terms, to a municipal corporation. to tax property within its borders, does not confer power to tax property exempt from taxation by general laws. Cooley, Tax'n (2d Ed.) 172, and cases cited. The provisions of the charter of the village of Seneca Falls, which relate to taxation, are very general in their terms, and do not evince an intention on the part of the legislature to confer power on the municipality to tax property exempt by general laws. A purely local statute will not be deemed to control a general one, unless the intention is clearly evinced by apt language. It is not alleged in the answer that the respondent had an adequate remedy at law, and it is not urged in the brief filed in behalf of the appellant that this action in equity may not be maintained. The judgment should be affirmed, with costs. All concur.