## THE MAYOR AND COUNCIL OF SALISBURY ET AL. *vs.* WILLIAM H. JACKSON.

*Taxation—Mode of Assessment Directed by Municipal Charter— Repeal by Implication.*

The charter of the town of Salisbury provided for the assessment of property therein for municipal taxation, but exempted judgments and private securities. The Act of 1896, ch. 120, passed subsequently, being a general assessment law, provided that all State,

county and municipal taxes shall be levied in conformity with the provisions of that Act. *Held*, that the Act of 1896 did not repeal the mode of assessment provided by the charter for municipal taxation, nor the exemption therefrom of judgments and private securities.

Appeal from a decree of the Circuit Court for Wicomico County (PAGE, C. J. and LLOYD, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD and SCHMUCKER, JJ.

*E. Stanley Toadvin* (with whom was *Thomas G. Hayes* on the brief), for the appellants.

*James E. Ellegood* (with whom was *G. Grier Ratcliff* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The bill in this case is filed by William H. Jackson, a citizen of Wicomico County, to enjoin and restrain by injunction the Mayor and Council of Salisbury, a corporation, and Benjamin H. Parker, its Collector of Taxes, from proceeding to collect certain town taxes levied for the year 1897, on real estate, private securities and bonds, the property of the plaintiff.

There are three reasons assigned why the valuation and assessment of this property, is illegal and invalid. 1st. Because there has been no assessment and valuation in accordance with and as provided by the charter of the town; 2nd. Because the property, except the real estate, is exempt from taxation for municipal purposes, by the provisions of its charter; 3rd. Because the assessment and valuation was taken from the assessment books of the County Commissioners, instead of being made in accordance with the requirements of the charter powers of the town. The facts are set forth in an agreed statement filed in the case, wherein the main allegations of the bill are admitted to be true, as stated, but it is contended upon the part of the appellants,

that the charter of the town of Salisbury, in so far as it relates to the assessment of property within the town, was repealed by the Act of 1896, chapter 120, known as the General Assessment Law of the State.

It is admitted, that the levy is for taxes due for the year 1897; that the assessment is on real estate and improvements, to the amount of $75,000.00, and on bonds and private securities for $79,000.00, and a tender was made by the appellee for the taxes due on the real estate and improvements before the filing of the bill of complaint. And it is further admitted, that the Mayor and Council of Salisbury made their assessment book from the assessment on the books of the County Commissioners of Wicomico County, which assessment and valuation were made under and by the provisions of chapters 120, 140, 141, 142 and 143, of the Acts of the General Assembly of Maryland, session of 1896, on such real estate within the corporate limits of Salisbury, and such personal property, visible and invisible, as is assessed to the residents of Salisbury, and assessed on said County Commissioners' books, and that the bonds so assessed are bonds of corporations, and that the academy is incorporated under the laws of Delaware, and bonds of the Traction Company under the laws of New Jersey; and the bonds have been assessed and valued upon the County Commissioners' books of Wicomico County, and a levy made by the said County Commissioners for State and county taxes, and a demand made by said County Commissioners for the payment at a maximum rate of 30 cts. on the $100.00.

It appears by the provisions of the charter of the town, sec. 152 of Art. 23, Code Public Local Laws, that all property within the corporate limits of Salisbury, except judgments and private securities, shall be taxed for municipal purposes; and the Council, at their first meeting in July, eighteen hundred and eighty-eight, and every five years thereafter, or oftener, shall appoint three citizens, noted for their good judgment in the fair valuation of property,

as assessors, who, after subscribing to an oath to perform the duties imposed upon them without fear, favor, partiality or prejudice, shall proceed to value the real estate and improvements thereon, and all property liable to assessment and taxation under the laws of the State, judgments and private securities excepted, at a fair and just market valuation, and return the same, under their hands, to the Mayor and Council within thirty days, unless their time be extended; and if any person shall feel aggrieved at the valuation and assessment of his property by the said assessors, he may, at any time within two weeks from the return of the said assessment, appeal from such valuation to the Council, who, on good cause shown, may make any alterations in said assessment which they may think proper and right; and all persons interested may inspect, free of charge, the books of assessment, provided, that the assessed value of any person's property that does not exceed two hundred dollars shall be exempt from taxation.

There can be no question that the assessment and valuation of the appellee's property should have been made according to the town charter, and not having been so made, it was illegal and invalid.

But it is contended that sec. 1 of chapter 120, of the Act of 1896, repealed the mode of assessment provided by the charter of the municipalities of the State, by requiring " that all State and county taxes and all municipal taxes shall be levied upon the assessment made in conformity to the provisions of this article, and in conformity with all laws relating to revenue and taxes and not embraced in this article." We cannot assent to this proposition, but fully agree with the conclusion reached by the learned Judge below, for the following reasons assigned by him : "The section on its face contemplates the making of other assessments than that provided for in the Act, and declares that such other assessments as are made in conformity with all laws relating to revenue and taxes, may be made the basis of a levy. The Act of 1896, ch. 120, prescribes generally what prop-

erty is subject to taxation ; it provides a system of assessment for general purposes, and contains certain particular provisions for the ascertainment of the value of the property of incorporated institutions, special kinds of property. But the duties of the assessors provided by this Act are not to assess property liable to taxation in the towns or cities having charters containing limitations in reference to the kind of property that may be taxed for municipal purposes.

" It is a general assessment of all the property liable to taxation in the whole State, and its purpose was to provide, not only for the ascertainment of all the taxable property in the State, but to declare the general principles upon which it was to be made. So far as applicable, it must control assessments everywhere in the State, whether the tax to be raised be for State, county, or municipal purposes

" Neither the Act of 1896, ch. 120, nor any of the sections of Article 81 of the Code (of which the Act is an amendment), confer authority upon the Mayor and City Council of Salisbury to levy taxes for municipal purposes, nor do these laws provide the means of determining what town property shall be burdened with the municipal taxes. They do, indeed, declare what property shall be liable for taxation, and the general principles upon which it shall be valued; we can find nothing inconsistent in all this, however, with the provisions of the charter of Salisbury. By the 152nd sec. of Art. 23 (Local Code), all property within the corporate limits, except judgments and securities, are made liable to municipal taxation. There is no provision made under the General Law for determining what property is within those limits, and taxable therein for town purposes. * *

" The general revenue and tax laws were passed to provide a proper system of taxation for the whole State, so that no property in the State should be permitted to escape bearing its proper burden of taxes for the public benefit. It cannot for a moment be supposed that in so doing the Legislature intended to alter the charter of many of the towns of the State.

" In those charters the property liable to taxation for municipal purposes was defined with precision, also how and on what terms the corporations should exercise the sovereign power of levying taxes.   It is not possible that while providing a general system of taxation, the Legislature intended to sweep away all the provisions that were designed for protection of the inhabitants of the towns from the wanton and improper exercise of a power by which they could be divested of their property."

To warrant holding a charter provision repealed by implication, it must clearly appear that in the late statute, the Legislature intended to abrogate the charter provision. *Snowden* v. *State*, 69 Md. 203; *Cumberland* v. *Magruder*, 34 Md. 381.

In *County Commissioners* v. *Mayor of Frederick*, 88 Md. 654, this Court said: " The Act of 1896 provided a general scheme of assessment for State, county, and all municipal taxation, except in so far as otherwise provided, and undertook to define what property was liable, what was exempt from taxation, the method of assessing stocks," &c.

Inasmuch, then, as the charter exemption of " judgments and private securities " is not repealed by the Acts of 1896, chapter 120, it is quite clear that such property of the appellee, except real estate, as comes within the charter, is exempt from taxation by the charter of the town of Salisbury. The power of the Legislature to exempt any kind of property from taxation according to its views of public policy cannot be questioned.

The decree appealed from will be affirmed, with costs.

*Decree affirmed.*

(Decided June 21st, 1899).