BOSTON ASYLUM AND FARM SCHOOL FOR INDIGENT BOYS
*vs.* STREET COMMISSIONERS OF THE CITY OF BOSTON.

Suffolk.   December 5, 1901. — February 27, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Statute,* Construction.   *Tax.   Assessment.*

The provision in the special charter of a charitable corporation that it may take and hold real and personal estate to a certain amount "free from taxes" does not exempt the land of the corporation from betterment assessments.

PETITION for a writ of certiorari to quash the proceedings of the board of street commissioners of the city of Boston in assess-

ing a benefit on certain land of the petitioner under St. 1895, c. 498, from the widening and reconstruction of Clinton Street in Boston from Fulton Street to Commercial Street, filed April 5, 1901.

The case was heard by *Loring*, J., who, at the request of the parties, reserved it upon the petition and return for the consideration of the full court.

*R. M. Saltonstall*, for the petitioner.

*T. M. Babson*, for the respondents.

HAMMOND, J. A tax has been assessed upon certain land belonging to the petitioner, for benefit received by the widening and reconstruction of Clinton Street; and the question is whether the provision in the charter of the petitioner, (St. 1835, c. 28, St. 1854, c. 71,) that it may take and hold real and personal estate to a certain amount "free from taxes" exempts the land from such a tax.

The question is narrow, and one not entirely free from difficulty. The petitioner relies much on the case of *Harvard College* v. *Aldermen of Boston*, 104 Mass. 470, but the language in that case was much more comprehensive than in the case before us. The exemption was from "All civil impositions, taxes and rates," terms "as broad as language can make them," said Wells, J., in giving the opinion. p. 482. These terms, it was said, "import, not a contract of indemnity, . . . but a renunciation of the taxing, power." p. 484.

The language in the present case, however, is not so broad and sweeping. The word used is "taxes." While in a general sense it may be said that a betterment assessment is a kind of tax, still we think that there is a well understood difference in the meaning of the two terms as generally used in our statutes. The word "tax" is used when one is speaking of the annual tax or any other tax which forms a part of the general burden for public purposes, while the word "assessment" is used to designate the amount to be paid into the public treasury as a part of the benefit specially received by reason of some local improvement. The first is a burden, inasmuch as it adds nothing to the value of the estate taxed ; the second simply requires the landowner to share with the public the special benefit received by the local improvement, and it cannot be assessed unless there be such

benefit, and even then not beyond that. The value of the estate is always diminished by the first but never by the second. This distinction between the usual legal signification of the words seems as above stated to be very generally recognized in our statutes. See the various sections of Pub. Sts. cc. 11, 12 as to the word " tax," and Pub. Sts. c. 49, §§ 92, 93 ; c. 50, §§ 5, 6, 7, 20, 22 ; c. 51, §§ 1–8 as to the word " assessment." A similar distinction between the two words is judicially recognized in other States. *State* v. *Mayor & Common Council of Newark,* 7 Vroom. 478, and cases therein cited. *Emery* v. *San Fran- cisco Gas Co.* 28 Cal. 345, and cases therein cited.

It is true, that in this case the question arises upon the meaning of the word " tax " in a special charter and not in the general tax act. While that fact may possibly have some significance upon other questions, yet, in view of the well recognized distinction in the general use and legal signification of the terms, we do not think that in this charter the first is intended to embrace the second. The difference between the language in this case and that in *Harvard College* v. *Aldermen of Boston, ubi supra,* is material. The case must stand in the class represented by *Boston Seamen's Friend Society* v. *Boston,* 116 Mass. 181. The opinion in this last case contains so full a discussion of the general grounds for holding such an exemption not applicable to such a tax as the one in question, that it is not necessary to do more than refer to it.

*Petition dismissed.*