PRESIDENT AND TRUSTEES OF WILLIAMS COLLEGE *vs.* INHABITANTS OF WILLIAMSTOWN.

Berkshire. September 8, 1914. — October 23, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Fire District. Tax,* Exemption.

A fire district, although composed of a part or parts of one or more towns, is a *quasi* municipal corporation of definitely restricted powers.

A tax levied by a fire district under R. L. c. 32, § 59, upon all the real and personal property within the district is a general burden imposed for the support of government rather than a special assessment for peculiar benefits, and therefore under St. 1909, c. 490, Part I, § 5, cl. 3, the real estate of "literary, benevolent, charitable and scientific institutions, owned and occupied by them . . . for the purposes for which they are incorporated" is exempted from such taxation.

PETITION under St. 1909, c. 490, Part I, § 77, filed in the Superior Court on January 2, 1914, by the President and Trustees of Williams College, a corporation, appealing from the refusal of the assessors of the town of Williamstown to abate a tax of $2,778.51 assessed for the year 1913 upon the land and buildings of the petitioner within the limits of the Williamstown Fire District for the purpose of defraying the expenses of main-

taining that district, such land and buildings being occupied by the petitioner and its officers for the purposes for which it was incorporated.

The case came on to be heard before *Hamilton,* J., who, at the request of the parties, reported it upon the petition and answer and an agreed statement of facts, which he found to be true, for the determination by this court of all questions of law arising therefrom.

The case was submitted on briefs.

*S. G. Tenney & B. W. Warren,* for the petitioner.

*F. R. Shaw,* for the respondent.

RUGG, C. J. It is provided by St. 1909, c. 490, Part I, § 5, cl. 3, that the real estate of "literary, benevolent, charitable and scientific institutions, owned and occupied by them . . . for the purposes for which they are incorporated" "shall be exempted from taxation." The question is whether thereby such real estate is exempted from the kind of taxation imposed for a fire district possessing the powers conferred by Pub. Sts. c. 35, §§ 40–61, now R. L. c. 32, §§ 49–70.

The exemption from taxation thus conferred has been decided to extend only to taxes imposed for the usual public purposes and not to include special assessments for particular benefits. A clear line of demarcation has been drawn in interpreting this exemption between the burden arising from the general tax levied to carry on the instrumentalities of government and a pecuniary imposition laid to reimburse the public treasury in whole or in part for the specific advantage arising from local improvement. *Boston Seamen's Friend Society* v. *Mayor & Aldermen of Boston,* 116 Mass. 181. *Worcester Agricultural Society* v. *Mayor & Aldermen of Worcester,* 116 Mass. 189. *Garden Cemetery Corp.* v. *Baker,* 218 Mass. 339.

A fire district is a territorial subdivision of the State, bounded and organized under the authority of the Legislature for the governmental purpose of providing protection against fire within its limits, maintaining street lights and other subsidiary matters. Although composed of a part of one or more towns, it is in substance a *quasi* municipal corporation of definitely restricted powers. *Prout* v. *Pittsfield Fire District,* 154 Mass. 450. It may "raise money by taxation" for its legitimate uses.

Protection from fires always has been treated as a general function of government. No common law responsibility for the negligence of those in this branch of the public service attaches to the city or town by whom they are employed. No statute in express terms has authorized the assessment of any part of the expense of the establishment and maintenance of a fire department upon owners of buildings or any other class peculiarly benefited thereby. *Fisher* v. *Boston,* 104 Mass. 87. The lighting of streets, although sometimes undertaken by cities and towns under circumstances which render them liable for the negligence of those employed for that purpose, likewise in its nature involves the general benefit rather than advantages to individuals.

The kind of taxation which a fire district is authorized to levy belongs in its essential characteristics to the general burden for the support of government rather than to a special assessment for peculiar benefits. It is described in the statutes as "taxation" and "tax," R. L. c. 32, §§ 59, 60, 63, St. 1913, c. 688, and not as an "assessment" or a "betterment," R. L. c. 49, §§ 2, 3, 5, 37, 43, R. L. c. 50, terms employed commonly when the latter kind of impost is intended. *Boston Asylum & Farm School for Indigent Boys* v. *Street Commissioners,* 180 Mass. 485. It is levied upon all real and personal property within the district, *Dwight* v. *Springfield Centre Fire District,* 11 Met. 374, and not, as is usual and possibly necessary in the case of betterment assessments, only upon the real estate specially benefited in an amount not in excess of the special benefit. See *White* v. *Gove,* 183 Mass. 333, 337. This being the nature of the tax, it stands on the same footing so far as concerns the statutory exemption, when levied by a fire district, as it would if included in the general tax of a city or town.

The conclusion follows that the petitioner is exempted from the tax levied upon its real estate used for the purposes for which it was incorporated.

Let the entry be

*Abatement granted with interest and costs.*