# MAYOR AND COUNCIL OF HYATTSVILLE

## *vs.*

# THE CHESAPEAKE & POTOMAC TELEPHONE COMPANY ET AL.

*Taxation of Corporations: State Tax Commission and Municipal Boards; review by Courts.*

In Section 1 of Article 81 of the Code declaring that all State and county taxes and all municipal taxes shall be levied upon the assessment made in conformity with the provisions of that Act and in conformity with all laws relating to assessments and taxes and not embraced in that Act,—the expression "all municipal taxes" is not limited to Baltimore City.          p. 596

Where the personal property of corporations is taxed instead of the shares of stock of the corporation, such personal property is to be valued and assessed by the State Tax Commission alone.                                                p. 597

The different municipalities of the State are not allowed to interfere with the broad powers of the State Tax Commission to tax corporations by imposing taxes on such personal property of corporations as may be within their corporate limits.

p. 599

The State Tax Commission has the final determination of assessments of all property in all counties and cities in the State subject to such review only by the courts as the statutes provide.                                             p. 595

The courts on such reviews are limited to mere questions of law.                                                      p. 592

Where by a public general law the Legislature adopts a plan of taxation for the whole State it is not to be supposed that the law is repealed by the mere general terms of powers contained in the charter of the municipality.          p. 599

Where the State Tax Commission has assessed the taxes due by the Chesapeake and Potomac Telephone Company as repre-

sented by the assessment for taxation purposes to be put upon the stock of the company, it was *held* on appeal that the town of Hyattsville had no power to assess the personal property of the Telephone Company that was situated within its limits.

p. 599

A taxpayer has the right to appeal to the State Tax Commission on any matters that the Commission has the right to determine or pass on.                                    p. 595

*Decided December 13th, 1917.*

Appeal from the Circuit Court for Prince George's County. (BEALL, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, STOCKBRIDGE and CONSTABLE, JJ.

*Vincent A. Sheehy,* for the appellant.

*Shirley Carter* and *Albert C. Ritchie, the Attorney-General,* (with whom were *Bernard Carter & Sons* and *Ogle Marbury, Asst. Attorney-General,* on the brief), for the appellees.

BOYD, C. J., delivered the opinion of the Court.

The appellant assessed the personal property of the Chesapeake & Potomac Telephone Company of Baltimore City, a Maryland corporation, within the corporate limits of Hyattsville for the years 1914 and 1915. The Telephone Company protested and requested the Mayor and Common Council to abate the assessments, as being contrary to law. The Mayor and Common Council refused to do so, and the Telephone Company appealed to the State Tax Commission. The appellant in this case appeared specially before the Commission and contended: (1) That no right of appeal to that Commission had been provided by law from assessments made and taxes levied by the appellant; and (2), that the Commission was without authority to review and abate, or in any way change any assessment made by the appellant. The

Commission by its order of January 19th, 1916, held adversely to the appellant's contention and ordered that the assessment of the personal property of the Telephone Company be vacated and set aside.

An appeal was taken to the Circuit Court for Prince George's County, and the case not having been heard for sometime, on May 21st, 1917, an opinion was filed sustaining the action of the State Tax Commission. The appeal to this Court was filed May 30th, but the formal order of the Circuit Court was not filed until June 1st, being after the appeal was entered. No motion to dismiss the appeal was filed, and without deeming it necessary to determine whether the opinion of the Court was in a proceeding of this kind sufficient, by reason of the terms used in it, to base an appeal on, before the formal order was passed, we will decide the questions raised as they affect public interests and we assume that all the parties desire us to do so,—they being fully argued:

1. The first question to be determined is: Did the Telephone Company have the right to appeal to the State Tax Commission, or bring the matter to its attention regardless of its right to a formal appeal, and did the State Tax Commission have the right to act on the appeal or application of the Telephone Company? The Commission was created by the Act of 1914, Chap. 841, which is now in the 3rd volume of Bagby's Code, being sections 234-247, inclusive, of Article 81. Some Acts were passed at the sessions of the Legislature in 1916 which in part relate to the Commission but none of them affect the questions now before us. Our references to the numbers of sections will be to those in the Code.

Section 235 provides that: "It shall be the duty of the State Tax Commission and it shall have power and authority: (1) To have general supervision over the administration of the assessment and tax laws of the State. (2) To have general supervision over all supervisors of assessments and to have the final determination of assessments of all property in all the counties, cities, towns and villages of the State to

the end that all taxable property shall be placed upon the assessment books and equalized between persons, firms and corporations in all the counties, districts, cities, towns and villages of the State so that all persons, firms and corporations shall be assessed alike for like kinds of property * * * (8) To investigate at any time on its own initiative, assessments against any or all properties or assessments in any county, district, city, town or village." * * * Again, in section 238 it is provided that: "Nothing herein contained shall be construed to limit the power of the State Tax Commission to make an investigation of assessments upon its own initiative in any part of the State."

When the Act of 1914, Chapter 841, was passed there were three statutes in force which gave any person or corporation claiming to be aggrieved because of any assessment, classification or the failure to reduce or abate, modify, change or alter any existing assessment or classification, the right of appeal. That of 1908, Chapter 167 (Local Code, Art. 4, sec. 170 and Bagby's Code, Art. 81, sec. 18) related to appeals in Baltimore City, being from the Appeal Tax Court to the Baltimore City Court, that of 1910, Chapter 430 (Art. 81, sec. 19) related to appeals from the County Commissioners to the Circuit Court for the county in which the property was situated, and that of 1912, Chapter 599 (Art. 81, sec. 19A, 3rd Vol. of Code) provided for appeals of a person or corporation claiming to be aggrieved because of any assessment made by any officer or officers of any municipal corporation of the State, other than Baltimore City, or because of the failure to reduce or rebate any existing assessment by whomsoever made, to the Circuit Court for the county in which the property was situated. Notwithstanding the language of the Act of 1908, we held in *Baltimore* v. *Bonaparte,* 93 Md. 156, that the Court could only pass on questions of law on such appeals. See also *Hamburger* v. *Baltimore,* 106 Md. 479, and *Baltimore* v. *C. & P. Telephone Co.,* 131 Md. 50. Section 245 of Article 81 provides that on all appeals to the State Tax Commission provided for in the Act of

1914, the provisions of the Act of 1908, Chap. 167 and of
the Act of 1910, Chap. 430, above referred to, "shall con-
tinue in force so far as the same are applicable and not in-
consistent with the other provisions of this sub-title, except
only that the State Tax Commission shall be substituted for
and exercise the functions now exercised under said Acts by
said Baltimore City Court and the Circuit Courts of the
several counties, respectively."

It will be observed that the Act of 1912, Chapter 599, re-
lating to appeals from assessments in Municipal Corpora-
tions, except Baltimore City, is not referred to and not at-
tempted to be continued in force by section 245. The mean-
ing of the part of section 245 quoted above, while at first
glance may not seem to be altogether clear, is made so when
we consider it in connection with *Bonaparte's case* and the
others cited, and other provisions in the Act of 1914. Ap-
peals contemplated or provided for by that Act are first to the
State Tax Commission. Section 236, after providing that
the supervisor of assessments shall have general supervision
over assessment of all property in the county, thus continues:
"He shall not be required to make assessments which shall
be made by the County Commissioners, or other proper
authorities as now required by law, but he shall have power
and it shall be his duty to appeal to the State Tax Commis-
sioner from any and all assessments or rulings which he
shall consider improper." Then section 239 provides that
any taxpayer, or city, town or village may demand a hearing
before the County Commissioners or Appeal Tax Court of
Baltimore City as to the assessment of any property or any
unit of tax value, and no formal proceedings shall be re-
quired. That paragraph of the section concludes as follows:
"Any taxpayer, taxpayers, or city, town or village having
been assessed by the order of the County Commissioners or
Appeal Tax Court of Baltimore City, after a hearing as
hereinbefore provided, may appeal to the State Tax Commis-
sion ; or the supervisor may appeal from any decision." Then
in a separate paragraph of that section it is provided: "There

shall be an appeal to Court on questions of law only from decisions of the State Tax Commission to the Court in that county where the property is situated, if real estate or tangible personal property, or where the owner resides, if intangible personal property, and the State Tax Commission is empowered to participate in any proceedings in any Court wherein any assessment or taxation question is involved." Section 245 in addition to what we have quoted above provides that appeals to Court in Baltimore City shall be to the Baltimore City Court and that there shall be a further right of appeal to this Court from any decision of the Baltimore City Court or of the Circuit Courts of the counties. Section 244 provides that: "All Acts and parts of Acts inconsistent herewith be and the same are hereby repealed," etc.

The part of section 245 first quoted above evidently means that in appeals to the Commission the method of procedure provided for in the Acts of 1908 and 1910 referred to should be continued as far as applicable and not inconsistent with the Act of 1914, but inasmuch as this Court had determined that the courts could only pass on questions of law, and not on facts such as the proper assessments, etc., the State Tax Commission should discharge such duties, originally attempted to be imposed on the courts—it having been provided in section 239 that there shall be an appeal to Court on questions of law. The procedure provided for in the Act of 1908 and made applicable to appeals under the Act of 1910, refers to what the petition shall set forth the summons and many matters of detail, which the Legislature doubtless thought were not necessary to be repeated in the Act of 1914.

There can be no doubt that the Act of 1912, Chapter 599, was repealed by the Act of 1914, as there was no saving clause as to that, even as to the procedure—indeed it was not necessary to continue it for that purpose as the Acts of 1908 and 1910 included everything which would be of use. But the provisions referred to in the Act of 1914 show that the only appeals now provided for are to the State Tax Commission—except those on questions of law from its decisions to

the Baltimore City Court and the Circuit Courts in the counties, and from those to this Court. They also show that the right of appeal to the State Tax Commission was intended to be given, on any and all matters the Commission had the right to determine or pass on. Whether it be called or is in some cases technically *an appeal* is wholly immaterial, but as the Commission is empowered to act on its own initiative and it is made the duty of each of the supervisors of assessments, who are appointed by the Commission and are assistants to and in a sense may be said to be officers of the Commission, to appeal to the Commission from any and all assessments or rulings which he shall consider improper, it can not be rightly said that the statute does not authorize a taxpayer to apply to the Commission to redress what he or it deems an improper assessment—provided of course the Commission has control over the assessment in question. It would be whittling away the rights of taxpayers to hold that one could *apply* to the Commission but could not take "an appeal," for, call it what you may, the object is to obtain redress through the Commission.

It is equally certain that the statute does give jurisdiction to the Commission to review assessments made by officials of cities, towns and villages outside of Baltimore City. The power can not be stated in stronger language than that used by the statute itself, which we have quoted above. As said by this Court, through JUDGE BRISCOE, in *Baltimore* v. *C. & P. Telephone Co., supra*: "The language of the Act is clear and positive that the State Tax Commission should have the final determination of assessments of all property in all the counties and *cities* of the State, subject to such review only by the courts as was provided by the statute itself."

The right of appeal to the courts is that given by the statutes above referred to, and it is only by reason of them that the appellant had any standing in the Court below, or has in this Court, to ask for a review of the action of the Commission—which by their terms and by what we have heretofore said is limited to questions of law. We are, then, of opinion

that the Telephone Company had the right to apply to the Commission and it had the right to act on its application—regardless of whether or not it be called "an appeal."

2.   The remaining question is, was the action of the lower Court correct, in affirming that of the Commission?

Section 1 of Article 81 provides that: "All State and county taxes and all municipal taxes shall be levied upon the assessments made in conformity with the provisions of this Article and in conformity with all laws relating to revenue and taxes and not embraced in this Article." The expression "all municipal taxes" is not limited to Baltimore City. In the Code of 1888 that section read: "All State and county taxes, and all taxes in the City of Baltimore, shall be levied," etc., but that was changed in 1896 to what is above quoted. What we said in *Frederick County* v. *Frederick City,* 88 Md. 654, where an analogous question was considered, shows that the expression "municipal taxes," as used in the Act of 1896, and is still in the Code, is not confined to Baltimore City.

Section 4 of Article 81 exempts, amongst many other things mentioned, "the personal property of any corporation by this State and having capital stock divided into shares when said shares of said corporation are subject to taxation under the laws of this State." That is because by section 2 all shares of stock in any corporation incorporated in this State "shall be valued and assessed for the purpose of State, county and municipal taxation to the owners thereof in the county or city in this State in which said owners may respectively reside," and provision is made for the payment of taxes on shares of domestic corporations owned by non-residents which are taxed where the corporation is situated. See section 162 of Article 81 (3rd Volume of Code) for the method of ascertaining the taxable value of shares of stock, formerly by the State Tax Commissioner now by the State Tax Commission, as provided by section 246 of Art. 81. We understand it to be conceded that the Telephone Company is a corporation, the shares of which are still assessable in

the way there provided.  If not conceded there is nothing contrary to the statement to that effect made in its application to the Commission, and telephone companies are excepted from the definition of "business corporations" in section 88B of Chapter 324 of Acts of 1914.  The personal property of those (business) corporations is assessed by the Commission and apportioned between "the several counties and cities of the State" according to the shares of stock held by residents of each county or city, and when so apportioned "county and municipal taxes" are payable "at the tax rate fixed by the State, county, city or municipality at the residence of such stockholders."  It will thus be seen that even where the personal property of corporations is taxed, instead of shares of stock (which are supposed to cover all the corporation's property) being only "business corporations," such personal property is valued and assessed by the State Tax Commission, the successor of the State Tax Commissioner who was named in the Act.

In *Clark Distilling Co.* v. *Cumberland,* 95 Md. 468, the City of Cumberland increased the assessment of shares of stock made by the Tax Commissioner.  Suit was brought for the taxes on that increased assessment, and it was said by CHIEF JUDGE McSHERRY that there could be no such thing as an independent valuation of such shares of stock by a municipality—that the assessment made by the Tax Commissioner, or on appeal by the Comptroller and Treasurer, as the law then authorized, "is made for the municipal, no less than for the State and county taxation."  Section 159 of Article 81 requires the president or other officer of a corporation to furnish to the County Commissioners of each county or the Appeal Tax Court of Baltimore City, and the city clerk of each city, town or village incorporated in this State, in which any of the stockholders reside, a list of the stockholders, and further provides that "in no case shall the stock of any corporation, in the aggreate, be valued at less than the full value of the real estate and chattels, real or personal, held by or belonging to such corporation."  It will be thus seen that not

only does the general law provide that the taxation of corporations shall include the personal property, but special provision is made to inform municipalities of the stockholders. Some other sections of the statutes might be cited, but we do not deem it necessary.

It is apparent from the legislation on the subject of taxation of corporations, as well as from the decisions of this Court, that the policy of this State has always been not to attempt to tax the shares of stock of domestic corporations and at the same time tax property that contributes to the value of those shares, regardless of any constitutional question as to the right to do so that might be raised. But a careful consideration of the subject must, it seems to us, convince any one that it would materially interfere with a proper administration of the provisions of the statute conferring the broad powers on the State Tax Commission, if the municipalities of the State be permitted to impose taxes on the personal property of corporations. If, for example, in the valuation of the shares of a corporation its personal property entered largely into it, and it was known by the State Tax Commission that the corporation was paying a municipality taxes on that property, justice would require that to be taken into consideration, as in fact the stock would be worth that much less. It is clearly contrary to the theory of the statutes creating the Commission. It would add very much to its duties, if it was to be required to give hearings to a corporation such as the Telephone Company all over the State as to assessments on its personal property by municipalities, if each one of them or many of them had the right to assess such of its property as was within the corporate limits of the respective municipalities. A Telephone Company, such as the appellee, doubtless has personal property in many of the cities, towns and villages of the State, and if the appellant has the right to tax it, others could, or would be entitled to acquire the same right.

It is contended that the appellant's charter is a Public Local Law and hence must prevail over the Public General

Law. Without stopping to discuss the contention of the Telephone Company that under the decision of *Baltimore* v. *Allegany County,* 99 Md. 1, this is a special, and not a local law, we have no doubt that the general law must prevail in this case. The Charter of Hyattsville does not specifically authorize it to assess personal property of corporations, but it relies on the general terms of its charter, "assessment on all the property," "assessment on *all* the property, real and personal, and mixed in said town" by the Act of 1894, or "to assess * * * all personal property within said town," by Act of 1900. If the contention of the appellant be correct, then it can still assess churches, hospitals and many other things, which the Legislature has seen proper to exempt. The Charter can have no such meaning—it only means all such property as is under the General Laws taxable, and if it was intended to except some of the exempted property such intention must be more clearly expressed than it is or was by the general terms of its present or former Charters referred to by the appellant. The Legislature adopted a general plan for the taxation of corporations by the Act of 1896 and subsequent legislation amending or adding to that, and never intended municipalities to interefere with that plan when it used the general terms referred to. Without prolonging this opinion by discussing the cases we will refer to two, the reasoning of which and the construction of the provisions that: "When the public general law and the public local law of any county, city, town or district are in conflict, the public local law shall prevail" (Sec. 12, Art. 1 of Code) sufficiently answers the appellant's contention. *Alexander* v. *Baltimore,* 53 Md. 100, and *State* v. *Falkenham,* 73 Md. 463. In *Salisbury* v. *Jackson,* 89 Md. 518, relied on by appellant, the Charter of Salisbury expressly exempted judgments and private securities from the municipal taxation. The town of Hyattsville had no power to assess the personal property of the Telephone Company. It follows from what we have said that the order of the lower Court must be affirmed.

*Order affirmed, the appellant to pay the costs.*