THE MAYOR AND COUNCIL OF WILMINGTON, a Municipal corporation existing under the laws of the State of Delaware, *vs.* TOWER HILL SCHOOL ASSOCIATION, a corporation created by and existing under the laws of the State of Delaware.

1. MUNICIPAL CORPORATIONS—EXEMPTION FROM TAXATION FOR "PUBLIC PURPOSES" APPLICABLE TO CITY TAXES.

    *Rev. Code* 1915, § 1098, *par.* 1, enacted pursuant to *Const. art.* 8, § 1, describing property exempt from taxation and assessment for "public purposes," *held* applicable to taxation and assessment for municipal as well as county purposes, in view of *Chapter* 44.

2. MUNICIPAL CORPORATIONS—INTENTION OF LEGISLATURE PREVAILS IN CASE OF CONFLICT BETWEEN GENERAL LAW AND CITY CHARTER.

    Where there is a conflict between the general law and a provision of a city charter as to property exempt from taxation, the intention of the Legislature prevails, if it can be ascertained from the statutes.

3. MUNICIPAL CORPORATIONS—SCHOOL PROPERTY HELD EXEMPT FROM TAXATION.

Under *Rev. Code* 1915, § 1098, *Par.* 1, exempting from taxation property used for school purposes not held for investment, school property within the city of Wilmington was not taxable, though Wilmington City Charter, § 80, describing the property exempt from taxation, did not include property used for school purposes, in view of 28 *Del. Laws, c.* 121, §§ 8, 20, amending the charter and exempting from taxation in such city "real estate which may now or hereafter be exempted by law."

(*September* 26, 1923.)

PENNEWILL, C. J., RICE, HARRINGTON, RICHARDS and ROD-NEY, J. J., sitting.

*P. Warren Green* for plaintiff.
*James R. Morford* and *Josiah Marvel* for defendant.

Court in Banc, New Castle County, March Term, 1923. No. 181, May Term, 1922.

This case is submitted to the court on an agreed statement of facts, which is in part as follows:

"1. That the plaintiff is a municipal corporation of the state of Delaware.
"2. That the defendant is a corporation organized under the laws of the state of Delaware in the year 1919.
"3. That the objects and purposes of said defendant as set forth in its certificate of incorporation are as follows:
"'The nature of its business is to establish and carry on at Wilmington, Delaware, an institution of learning where students may obtain a sound, classical, mathematical, technical and general education of the highest order; to provide for the delivering and holding of lectures and exhibitions, public meetings, classes and conferences calculated directly or indirectly to advance the cause of education whether general, professional or technical; and to furnish the students of said school with certificates, diplomas or other evidences of the result of their work at said school.
"'The said corporation is not a corporation organized for profit and shall have no capital stock. The members of the corporation shall be those who act as incorporators of the company and such other persons as may be elected to membership by an affirmative vote of two-thirds of [said incorporators or by an affirmative vote of two-thirds of] the members existing at the time of said election.     *     *     *
"4. That defendant was authorized to receive and hold and certain charitable citizens have donated to it a certain lot, piece or parcel of land located in the city of Wilmington, New Castle county and state of Delaware.
*     *     *     That a school building has been erected on said lot or parcel of land, which building was designed and constructed and has been and is now used solely for school purposes and is not held by way of investment. That the cost of erecting and constructing said school building was defrayed entirely by gifts or donations of charitable citizens.
"5. That the defendant owns, and for two years last past has used and operated, and is now using and operating said lot of land and the buildings thereon solely and exclusively for educational or school purposes. That said

MAYOR OF WILM. vs. TOWER HILL ASSN.     279

Opinion.

defendant has conducted therein and thereon a school in conformity, as near as may be, with the provisions of *Chapter* 160, *vol.* 32, *Laws of Delaware*, which school is open to all white students who desire to attend the same and who are willing and able to pay the tuition fees fixed from time to time by the said defendant.  *  *  *

"6. That there are in attendance at said school upwards of two hundred and fifty students, each being required to pay a tuition fee as fixed by the defendant, and no student is permitted to attend said school without the payment of said tuition fees unless possessed of a scholarship donated by the defendant.

"7. That said defendant from time to time donates scholarships to certain deserving boys and girls who have been or desire to become students in said school and who desire to take advantage of the educational benefits and scholastic opportunity offered thereby, but who are unable to pay the usual tuition fee required by said defendant.

"8.  *  *  *  That said school is maintained and carried on to a considerable extent by donations from charitable citizens, and that the annual deficits, which have existed since the establishment of said school, have been met solely by donations from charitable citizens.

"9. That the tuition fees paid by the students attending said school and all of said donations are used solely and exclusively for the payment of salaries and other expenses incident to educational and school purposes and no part thereof has been or can become a profit.

"10. That said lot of land and the buildings thereon were assessed by said plaintiff for city and school taxes for city purposes for the city of Wilmington, New Castle county and state of Delaware for the fiscal year beginning July 1, A. D. 1921, at the value of three hundred thousand dollars ($300,000.00).

"11. That thereupon on said property a tax was levied by said plaintiff for city purposes for the city of Wilmington aforesaid for the fiscal year beginning July 1, A. D. 1921, in the sum of five thousand seven hundred dollars ($5,700.00).

"12. That said tax, if legally assessed and levied, is now due and payable, plus the additional sum of two hundred and eighty-five dollars ($285.00) as a penalty for nonpayment of said tax when same became due. That demand for payment of said tax and penalty has been made by the plaintiff and payment thereof has been refused by the defendant claiming that said land is exempt from taxation for city purposes as aforesaid.

"If the court shall be of the opinion that said piece or parcel of land and the buildings thereon at the time of assessing and levying said taxes for the year 1921 were not exempt from assessment and taxation for city purposes, that judgment shall be entered for the plaintiff for five thousand nine hundred eighty-five dollars ($5,985.00), besides costs of suit; otherwise, that judgment shall be entered for the defendant."

PENNEWILL, C. J., delivering the opinion of the majority of the Court:

The question to be determined in this case is whether the real estate of the plaintiff was lawfully assessed for city and municipal taxes.

The following constitutional provisions and legislative enactments were referred to in the agreement as having some bearing on the questions involved.

*Section* 3 of *Article* 10 of the Constitution of this state provides that:

"All real or personal property used for school purposes, where tuition is free, shall be exempt from taxation and assessment for public purposes."

Manifestly this provision does not apply to the present case because tuition is not free in the defendant school.

But there is another constitutional provision, *Section* 1 of *Article* 8, which is more comprehensive, viz.:

"All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying tax, and shall be levied and collected under general laws, but the General Assembly may by general laws, exempt from taxation, such property as in the opinion of the General Assembly will best promote the general welfare."

It is not questioned that the General Assembly had, under this provision, authority to enact the statute under which the defendant claims exemption, to-wit, *Paragraph* 1 of *Section* 1098 of the *Revised Code* of 1915, which provides that:

"All real and personal property not belonging to this state, or the United States, or any county of this state, or any church or religious society, and not held by way of investment, or any college or school and used for educational or school purposes, or any corporation created for charitable purposes and not held by way of investment, except as otherwise provided, shall be liable to taxation and assessment for public purposes."

This statute was passed in 1909, and was re-enacted as a part of the *Code* of 1915. It is the latest expression of the legislative will on the subject with which we are concerned, excepting an amendment to the charter of the city of Wilmington hereinafter referred to.

Said statute passed in 1909 amended a previous act, *Section* 1 of *Chapter* 11 of the *Revised Code* of 1893, by adding thereto the requirement, that the property exempted shall be used for school purposes and not held by way of investment.

We think it is not seriously questioned that under this general law the property in question being used exclusively for school

purposes, and not held by way of investment, is exempt from taxation and assessment for municipal purposes, unless a certain provision in the city charter makes it liable. In fact the defendant's argument is based mainly on *Section* 80 of the City Charter, which is in the following language:   .

"All real estate within the said city shall be assessed except real estate belonging to the United States, the state of Delaware, New Castle county, or the City of Wilmington, cemeteries and burying grounds, churches and meeting houses belonging to any religious society and used for public worship, real estate owned and used for charitable purposes by the association known as the 'Trustees of the Home of the Friendless and Destitute Children of the City of Wilmington,' 'Home for Aged Women,' 'Sisters of Charity,' and buildings owned and occupied by fire companies."

It will be observed that there is no exemption of school property in this charter provision.

The argument of the plaintiff is twofold:

(1) That there is an inconsistency between said charter provision and *Paragraph* 1 of *Section* 1098 of the *Code*, and when there is conflict between a charter provision of a municipality and a general law, the provision of the charter controls, unless the intent of the Legislature, evidenced by the general law, is to the contrary.

(2) The two statutes, charter provision and general law, are not inconsistent, because it was the legislative intent in the general law, to which *Paragraph* 1 of *Section* 1098 was an amendment, to promote a system of taxation for county purposes only, as shown by the original statute which provided for the assessment and return of all real estate by county assessors.

We will first consider defendant's second proposition, because if the law in question does not apply to municipal taxes there is no statute inconsistent with the charter provision, and no law that would prevent the assessment of school property for. municipal purposes, unless the constitutional provision which requires that all taxes shall be levied and collected under general laws, must, as claimed by the defendant, have that effect.

[1] *Paragraph* 1 of *Section* 1098 of the *Code* is very comprehensive. It defines in general language what property, real and personal, shall be liable to taxation and assessment for public

purposes, and certainly a municipal purpose is a public purpose. But it is argued that, because said paragraph was originally an amendment to an act that provided for the assessment and return of all real property by county assessors, it applies to taxation and assessment for county purposes only. We do not think it is necessarily so restricted. It is very general in its language and apparently unqualified. It would seem from its terms to declare the policy of the state respecting the assessment of real estate for public purposes.

But a more significant fact is this: said paragraph was re-enacted with the present *Code* as a part of *Chapter* 44, entitled "Valuation and Assessment of Property"; and it deals not only with the exemption of property from taxation for state and county purposes, but also for municipal purposes. In some instances it exempts certain properties from taxes for county purposes specifically, clearly showing that when the Legislature meant to exempt property from county taxes only they so declared in appropriate language.

*Paragraph* 1, *Section* 1098 exempts from assessment and taxation corporations created for charitable purposes, while only certain ones are exempted by *Section* 80 of the *City Charter*. If the Code, the general law, applies to county taxes only, all charitable corporations, other than those specifically exempted by *Section* 80 could be taxed for municipal purposes, which could not have been the intent of the Legislature.

Neither could it have been the legislative intent that school property should be taxed in some municipalities and not in others, according as their charters might provide.

We will now consider plaintiff's first proposition.

There being a repugnancy or inconsistency between the general law and *Section* 80 of the *City Charter* in respect to taxable property, must the latter control?

In the case of *Johnson Home v. Village of Seneca Falls*, 37 *App. Div.* 147, 55 *N. Y. Supp.* 803, the court said:

"A village has no inherent power to impose taxes on persons or property, and possesses only such power of taxation as is clearly conferred by statute;

\* \* \* and in case the policy of the state, as shown by its general statutes, is that certain property shall not be subject to taxation, a village charter which .in general terms authorizes the taxation of all property within the village for municipal purposes will not authorize the taxation of property exempt by general laws relating to all taxation, for a grant of power in general terms to a municipal corporation to tax property within its borders does not confer power to tax property exempt from taxation by general laws."

In *Hyattsville v. Chesapeake & Potomac Tel. Co.*, 131 *Md.* 589, 103 *Atl.* 133, the city charter authorized it to assess all the property, real, personal and mixed, in the town.

The court said:

"If the contention of the appellant is correct, then it can still assess churches, hospitals, and many other things which the Legislature had seen proper to exempt. The charter can have no such meaning; it only means all such property as is under the general laws taxable. \* \* \* The Legislature adopted a general plan for the taxation of corporations by the act of 1896 and subsequent legislation amending or adding to that, and never intended municipalities to interfere with that plan when it used the general terms referred to."

The following cases are to the same effect: *Ontario Bank v. Bunnell*, 10 *Wend.* (*N. Y.*) 186; *Kansas City v. Oil Co.*, 140 *Mo.* 458, 41 *S. W.* 943; *City of New Orleans v. Canal & Nav. Co.*, 36 *La. Ann.* 396; *Williams College v. Williamstown*, 219 *Mass.* 46, 106 *N. E.* 687.

The plaintiff has cited text-writers and many cases in support of his contention that the provisions of a city charter in relation to taxable property must prevail even though a general state law is inconsistent therewith. While many of the cases cited are not in point, some of them seem to support his contention. It must be conceded that the authorities on the question are apparently conflicting.

Mr. Dillon, in his work on Municipal Corporations at *Section* 235, states perhaps the true general rule, when he says:

"It is a sound and reasonable principle of very extensive operation that affirmative statutes of a general nature do not repeal by implication, charters and special acts passed for the benefit of particular municipalities, but they do so when it clearly appears to have been the purpose of the Legislature."

It is insisted by the plaintiff that one of his cases is particularly in point, viz.: *State v. Robertson, Collector of Princeton*, 24 *N. J. Law* 504, and much reliance is placed thereon. In that case the question was, under what statute the property was assessed, and

it was held that if it was assessed under the act of 1851 the assessment was void. But if the assessment was made under the borough charter granted in 1822, and supplement thereto, which authorized the borough to vote for such sum of money as was necessary for the exigencies of the borough for the ensuing year, and to collect such sum or sums of money, not exceeding $200, to defray the expenses of lighting the streets, etc., it was not invalid—the property assessed not being exempt. The court said the two acts directed entirely different modes of assessment and collection, and that the assessment levied by the borough was, moreover, necessary for the improvement of the city, and the convenience and comfort of its inhabitants, and the expenditures incident to the management of its affairs, but it was "not a burden or tax within the meaning of the exemption."

[2] The difference between this case and the one at bar is obvious. We shall not attempt to reconcile the apparent conflict in the authorities, or determine their relative weight, and it is not necessary to do so, because under either rule the intention of the Legislature prevails, if it can be ascertained from the statutes.

[3] We are satisfied that it was the intention of the Legislature, in enacting the general law, *Paragraph* 1 of Code, § 1098, that real estate used for school purposes, and not held by way of investment, should be exempt from taxation. We are convinced of this fact for the following reasons:

1. Because, as was said in the case of *City of New Orleans v. Canal & Nav. Co.*, 36 *La. Ann.* 396, the exemption is unlimited, therefore, extends to all taxation whether state, county or municipal. The reason for which the exemption was accorded by the state is equally strong in favor of a similar exemption from municipal taxation. The general law fixed the policy of the state in respect to the taxation of school property, and such policy could not be changed or departed from except by general law.

2. If such legislative intent is not clear from the general statute itself, it is made clear by an amendment to the city charter passed in 1915.

The charter of the City of Wilmington, of which said *Section* 80 was a part, was passed in 1883. In 1915 the Legislature passed an act (28 *Laws of Delaware, Chapter* 121) entitled:

"An act creating a board of assessment for the city of Wilmington and providing the means and method by which said board shall assess property therein for the purpose of raising revenue for city and school purposes."

*Section* 20 provides that:

"All acts or parts of acts manifestly inconsistent are hereby repealed."

*Section* 8 is as follows:

"All real estate within said city shall be assessed, except real estate belonging to the United States, the state of Delaware, New Castle county, the city of Wilmington, cemeteries and burying grounds, churches and meeting houses belonging to any religious society and used for public worship, real estate belonging to charitable corporations and not held by way of investment, buildings owned and occupied by fire companies, and such other real estate which may now or   *   *   *   hereafter be exempted by law."

There can be no doubt that this section is an amendment of *Section* 80 of the City Charter. It is a re-enactment of *Section* 80 in exact language down to and including the words "public worship." After those words, instead of exempting the real estate of certain charitable associations by name, the new law exempts, generally, real estate belonging to charitable corporations which is not held by way of investment, buildings owned and occupied by fire companies, and *such other real estate which may now or hereafter be exempted by law.*

The new law deals with the same subject as the old law, but adds the requirement that the real estate of charitable corporations, to be exempt, must not be held by way of investment.

It is true that *Section* 8 of the amending act does not in words exempt school property, or expressly refer to the general law, but it does by general language exempt all real estate that is now or may hereafter be exempted by law. Clearly such general language indicates that the Legislature did not intend that a municipality should have the power to assess for taxes any real estate that was exempt under general law. It is not an unreasonable inference that in enacting *Section* 8 of the new law the Legislature had in mind *Paragraph* 1 of *Section* 1098 of the *Code*, which ex-

empts other real estate than that mentioned in *Section* 8. Both were legislative acts respecting the taxation of real estate, and must be harmonized if possible.

The court being of the opinion, for the reasons stated, that the real estate of the defendant was unlawfully assessed, it is unnecessary to decide whether the defendant school association is a charitable corporation within the meaning of the law of the state, or to consider a further ground urged by the defendant, based on the constitutional requirement that all taxes "shall be levied and collected under general laws." *Article* 8, *Section* 1, of Constitution.

The court are of the opinion that said piece or parcel of land and the buildings thereon at the time of assessment and levying said taxes in the year 1921 were exempt from the assessment of taxes for city purposes, and that judgment should be entered for the defendant.

RICE, HARRINGTON, and RICHARDS, J. J., concurred.

RODNEY, J., concurred in the conclusion reached by the majority of the court, but based his conclusion on a different ground.